MARY K. ALEJANDRO
Acting Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
JOSEPH M. LAKE Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7758
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

FILED
DISTRICT COURT OF GUAM
MAY 16 2012
JEANNE G. QUINATA
CLERK OF COURT

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF GUAM

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ACME UNIVERSAL, INC., a corporation; and XIN BO "PAUL" YU, an individual,<br><br>Defendants. | Case No.: **12-00008**<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

1. Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants ACME UNIVERSAL, INC., a corporation, and XIN BO "PAUL" YU, an individual, from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter called the Act, pursuant to Section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

*Complaint for Violations of the FLSA*     1

ORIGINAL

2. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in the United States District Court for Guam, pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in Guam.

4. (a) Defendant, ACME UNIVERSAL, INC., is and at all times hereinafter mentioned was a corporation with an office and a place of business at 114 Taitano Street, Route 16, Harmon, Guam 96913, within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in the residential construction business.

(b) Defendant, XIN BO "PAUL" YU, an individual, at all times hereinafter mentioned acted directly or indirectly in the interest of Acme Universal in relation to its employees.

5. Defendant ACME UNIVERSAL, INC., is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

6. Defendant ACME UNIVERSAL, INC., at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

7. Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in

commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

8. Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

9. Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, *inter alia*, the hours worked each workday and each workweek, as well as the actual rate of pay for employees.

10. Beginning May 17, 2009, Defendants willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

(b) For an Order

(1) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the period beginning May 17, 2009 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2) pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due Defendants' employees for the period beginning May 17, 2009, and pre-judgment interest at an appropriate interest rate; and

(c) For an Order awarding plaintiff the costs of this action; and

1     (d)     For an Order granting such other and further relief as may be necessary or
2 appropriate.

4 Dated: May 16, 2012

                                 M. PATRICIA SMITH
                                 Solicitor of Labor

                                 MARY K. ALEJANDRO
                                 Acting Regional Solicitor

                                 DAVID M. KAHN
                                 Counsel for Employment Standards

                                 By: _____
                                 JOSEPH M. LAKE
                                 Trial Attorney

                                 Attorneys for the Plaintiff Hilda L. Solis, Secretary
                                 of Labor, United States Department of Labor

## EXHIBIT A

1. Li, Hai Feng
2. Chu, Zhong Lin
3. Wu, Guang Jin
4. Liu, Qi Hong
5. Xie, Zhu Jun
6. Jiang, Shan Bao
7. Qin, Long Shen
8. Liu, Qi Zhou
9. Zhou, Jun Guo
10. Cui, Qi Bing
11. Ge, Jin Chuan
12. Yu, Jin Xiang
13. Ji, Wei Dong
14. Huang, Jian Xiang
15. He, Wen Ge
16. He, Fu Quan