JANET M. HEROLD
Regional Solicitor
ABIGAIL DAQUIZ
Trial Attorney
JOSEPH M. LAKE Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7758
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF GUAM

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>          Plaintiff,<br>  v.<br><br>ACME UNIVERSAL, INC., a corporation; and XIN BO "PAUL" YU, an individual,<br><br>          Defendants. | Case No.: 12-00008<br><br>SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

     1.     Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants ACME UNIVERSAL, INC., a corporation, and XIN BO "PAUL" YU, an individual, from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter called the Act, pursuant to Section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid minimum wage and overtime

*Second Amended Complaint*                                1

compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

2. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in the United States District Court for Guam, pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in Guam.

4. (a) Defendant, ACME UNIVERSAL, INC., is and at all times hereinafter mentioned was a corporation with an office and a place of business at 114 Taitano Street, Route 16, Harmon, Guam 96913, within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in the residential construction business.

(b) Defendant, XIN BO "PAUL" YU, an individual, at all times hereinafter mentioned acted directly or indirectly in the interest of Acme Universal in relation to its employees.

5. Defendant ACME UNIVERSAL, INC., is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

6. Defendant ACME UNIVERSAL, INC., at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

7. Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

8. Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

9. Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, *inter alia*, the hours worked each workday and each workweek, as well as the actual rate of pay for employees.

10. Beginning May 17, 2009, Defendants willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

11. (a) Defendants have violated and are violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(5), by discriminating against employees whom the Defendants believed have engaged in activities protected by the FLSA, by retaliating, threatening, or discriminating against the employees in any other manner. Defendants threatened employees that if they spoke to the Secretary, they would be fired and deported, and would forfeit the security deposit taken out of their wages to ensure employees' acquiescence. Defendants contacted immigration authorities who detained one employee whom Defendants believed spoke to the Secretary. Defendants told current and prospective employers not to hire employees that Defendants believed spoke to the Secretary. Defendants approached former employees at their current places of employment and threatened the employees to scare them into not speaking to the Secretary. Defendants threatened employees by telling them not to cooperate with the Secretary for the sake of their family. Defendants also contacted the family members in China of employees that Defendants believed have spoken to the Secretary, and threatened punishment if the employees did not withdraw their cooperation.

(b) Defendants' violations of the anti-discrimination provisions of the FLSA are willful in nature.

12. (a) Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA. As alleged in Paragraph 11, Defendants threatened and intimidated employees to coerce the employees not to speak to the Secretary. Such conduct by the Defendants impedes the Secretary's investigation in violation of Section 11(a). Further, Defendants had their employees sign false records of hours worked and wages paid. Defendants also instructed their employees to lie to any government official regarding hours worked and wages paid. Defendants directed employees to leave the workplace when government officials arrived to investigate compliance with the FLSA. Defendants offered money to employees to

*Second Amended Complaint* 4

cease communicating with the Secretary. Defendants prepared false statements of their compliance with the FLSA and pressured employees to sign these statements; in some instances, the employees did not speak English and did not understand what they were signing.

    (b)    Defendants' violations of the investigative provisions of the FLSA are willful in nature.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

    (a)    For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

    (b)    For an Order

        (1)    pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the period beginning May 17, 2009 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

        (2)    pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due Defendants' employees for the period beginning May 17, 2009, and pre-judgment interest at an appropriate interest rate;

*Second Amended Complaint*     5

(3) pursuant to section 16(b) of the Act, 29 U.S.C. § 216(b), finding Defendants liable for appropriate legal and equitable relief, including punitive damages, based on their retaliation and/or discrimination against employees in violation of section 15(a)(3) of the Act;

(4) For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the investigative provisions of FLSA § 11(a), 29 U.S.C. § 211(a), and awarding the Secretary appropriate legal and equitable relief;

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: August 30, 2013

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

ABIGAIL DAQUIZ
Trial Attorney

By: /s/ Joseph M. Lake
JOSEPH M. LAKE
Trial Attorney

Attorneys for the Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor

*Second Amended Complaint*        6

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | Li, Hai Feng |
| 3 | Chu, Zhong Lin |
| 4 | Wu, Guang Jin |
| 5 | Liu, Qi Hong |
| 6 | Xie, Zhu Jun |
| 7 | Jiang, Shan Bao |
| 8 | Qin, Long Shen |
| 9 | Liu, Qi Zhou |
| 10 | Zhou, Jun Guo |
| 11 | Cui, Qi Bing |
| 12 | Ge, Jin Chuan |
| 13 | Yu, Jin Xiang |
| 14 | Ji, Wei Dong |
| 15 | Huang, Jian Xiang |
| 16 | He, Wen Ge |
| 17 | He, Fu Quan |