JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
LEON E. PASKER
Senior Trial Attorney
JOSEPH M. LAKE
Senior Trial Attorney
lake.joseph@dol.gov
California State Bar Number 246679
TARA E. STEARNS
Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7758
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez
Secretary of Labor, United States
Department of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF GUAM

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> ACME UNIVERSAL, INC., a corporation; and XIN BO "PAUL" YU, an individual, <br><br> Defendants. | Case No.: 1:12-CV-00008 <br><br> [PROPOSED] CONSENT JUDGMENT AND ORDER |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants ACME UNIVERSAL, INC. ("Acme") and XIN BO "PAUL" YU (together "Defendants") have agreed to resolve the matters in controversy in

*(Proposed) Consent Judgment and Order*  1

this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 *et seq.*

## I. ADMISSIONS BY THE DEFENDANTS:

### A. Admissions as to Jurisdiction

1. The Secretary has filed a Complaint alleging that Defendants Acme and Paul Yu violated provisions of Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206; 207; 211(a) and (c); 215(a)(2), (3) and (5).

2. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

3. Defendants waive any defenses to the Secretary's Complaint.

4. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Guam.

5. Defendants admit that Defendants Acme and Paul Yu are both covered as employers by the FLSA, and must comply with its provisions.

6. Defendants admit that since at least May 16, 2009, Defendants hired workers from China, who were brought to Guam to work in Acme's residential construction business.

7. Defendants understand and expressly acknowledge that the provisions and safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3) and 15(a)(5), apply to the employees identified on Exhibit A to the Second Amended Complaint.

8. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

9. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

B. <u>Admissions as to Defendants' Hiring Practices</u>

1. Defendants admit that they hired the sixteen employees identified on Exhibit A to the Second Amended Complaint ("H-2B Employees") through the H-2B visa program. *See* 8 C.F.R. §§ 214.2(h)(1)(ii)(D),214.2(h)(6).

2. Defendants admit that at least the majority of the H-2B Employees had to pay a fee to Defendants of up to $6,000 upon starting employment.

3. Defendants admit that Defendants deducted up to $500 from the worker's pay each month until the fee identified in paragraph I.B.2 was fully paid by the H-2B Employee.

4. Defendants admit to telling the H-2B Employees that the fee identified in paragraph I.B.2. was a "deposit" which would be returned when the employees stopped working at Acme, so long as the employees obeyed Defendants' instructions.

5. Defendants admit to requiring that the H-2B Employees, upon arrival in Guam, give their passports over to Paul Yu.

6. Defendants admit to requiring that the H-2B Employees, upon starting employment, sign a document in English only entitled "Contract of Employment" which stated that the workers were going to receive the hourly rate required by the H-2B regulations; which hourly rate was in excess of the federal minimum wage of $7.25 required to be paid under the FLSA.

*(Proposed) Consent Judgment and Order*     3

7. Defendants admit that they did not pay the H-2B Employees the hourly rate or overtime rate listed on the "Contract of Employment."

D. Admissions as to Working Conditions

1. Defendants admit that, throughout their employment, the H-2B Employees schedule required they work more than 40 hours per week.

2. Defendants admit to not paying the H-2B Employees the minimum wage required by the FLSA for all hours worked.

3. Defendants admit to not paying the H-2B Employees the rate required by the H-2B program for all hours worked.

4. Defendants admit to not paying the H-2B Employees one and a half times the rate required by the H-2B program for hours worked over forty in a seven day workweek.

5. Defendants admit that they required the H-2B Employees to live in housing provided by Defendants.

6. Defendants admit that they transported the H-2B Employees to the jobsite each workday in vehicles provided by Defendants.

E. Admissions as to the Secretary's Investigation

1. The Secretary alleges that the Defendants deterred the H-2B employees from exercising their rights under the FLSA, by providing instructions to the H-2B Employees about what to tell the Secretary. Defendants do not contest this contention for purposes of this Consent Judgment only.

2. Defendants admit to providing inaccurate records to the Secretary of hours worked and pay received by the H-2B Employees.

F. <u>Admissions as to FLSA Violations</u>

1. Defendants admit that since at least May 16, 2009, Defendants paid the H-2B Employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants admit that since at least May 16, 2009, Defendants paid the H-2B Employees wages at rates less than one and one half times their regular rate for work performed in excess of 40 hours in a workweek when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

3. The Secretary alleges that the Defendants at least May 16, 2009, have interfered with the Secretary's ability to investigate Defendants for compliance with the FLSA. Defendants do not contest this contention for purposes of this Consent Judgment only.

4. Defendants admit that since at least May 16, 2009, Defendants have failed to make, keep and preserve accurate records of the H-2B Employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA.

5. Defendants admit that since at least May 16, 2009, Defendants have retaliated, or otherwise discriminated against H-2B Employees whom Defendants believed had spoken to government officials.

6. Defendants admit that since at least May 16, 2009, Defendants threatened to retaliate, or otherwise discriminate in any way against H-2B Employees who engaged in activity protected by the FLSA by speaking to government officials.

G. <u>Civil Money Penalties</u>

1. Defendants agree to withdraw their Notice of Exception to $12,320.00 in civil money penalties assessed by the Secretary on May 15, 2012, pursuant to Section 16(e) of the FLSA, for the Defendants' violations of the FLSA described herein.

2. Defendants agree to pay the $12,230.00 in civil money penalties to the Secretary in accordance with the process outlined in paragraphs III.9-III.11 below, and the payment scheduled attached as Exhibit 1.

3. Defendants agree to the Secretary submitting this Consent Judgment and Order to the U.S. Department of Labor's Office of the Administrative Law Judges as evidence of the resolution of the action *In the Matter of Acme Universal, Inc. and Xin Bo "Paul" Yu*, Case No. 2012-FLS-00005.

Having considered the submissions made in connection with the proposed settlement, the representations, arguments, recommendation of counsel for the parties, and the requirements of law, the Court hereby makes the following findings of fact and conclusions of law in support of its Final Order and Judgment approving the Consent Judgment:

**II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW:</u>**

    A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206; 207; 211(a) and (c); 215(a)(2), (3) and (5).

    B. Defendants have received a copy of the Secretary's Complaint.

    C. Defendants have waived any defenses to the Secretary's Complaint.

    D. This Court has jurisdiction over the parties and subject matter of this civil action, and venue lies in the District Court for the District of Guam.

    E. Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest.

    F. Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

    G. Since at least May 16, 2009, both Acme and Paul Yu have employed the workers identified on Exhibit A to the Second Amended Complaint ("H-2B Employees").

    H. Since at least May 16, 2009, Acme has been engaged in related activities performed through unified operation or common control for a common business purpose, and has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    I. Since at least May 16, 2009, Acme has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); in that it has employees who have been engaged in commerce or the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

J. Since at least May 16, 2009, the H-2B Employees were engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

K. Paul Yu is an employer subject to the provisions of the FLSA, and jointly liable for any violations of the FLSA by Defendants.

L. Since at least May 16, 2009, Defendants have violated Sections 6 and 15(a)(2) of the FLSA by permitting the H-2B Employees to be paid wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

M. Since at least May 16, 2009, Defendants have violated Sections 7 and 15(a)(2) of the FLSA by permitting the H-2B Employees to be paid wages at rates less than one and one half times their regular rate for work performed in excess of 40 hours in a workweek when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

N. Since at least May 16, 2009, Defendants have been violating Section 11(a) of the FLSA by interfering with the Secretary's ability to investigate Defendants for compliance with the FLSA.

O. Since at least May 16, 2009, Defendants have been violating Sections 11(c) and 15(a)(5) of the FLSA by failing to make, keep and preserve records of the H-2B Employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA.

P. Since at least May 16, 2009, Defendants have violated Section 15(a)(3) of the FLSA by retaliating, or otherwise discriminating in any way against H-2B Employees whom Defendants believed had spoken to government officials.

Q. Since at least May 16, 2009, Defendants have violated Section 15(a)(3) of the FLSA by threatening to retaliate, or otherwise discriminate in any way against H-2B Employees who engaged in activity protected by the FLSA, including speaking to government officials.

## III. <u>JUDGMENT</u>

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendant Paul Yu and Defendant Acme, its officers, agents, servants, employees, successors, and all persons in active concert or participation with them be,

and hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages less than one and one half times that employee's regular rate of pay for each hour worked in excess of 40 in a workweek.

3. Defendants shall not, contrary to Sections 11(a) and 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a), 215(a)(3), interfere with the Secretary's ability to investigate Defendants for compliance with the FLSA in any way, including, but not limited to, instructing employees not to speak truthfully to government officials, and providing false records of pay and hours worked to the Secretary.

4. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by

them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

5. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), retaliate or threaten to retaliate against any employee for reporting or complaining about any violations of the FLSA, or otherwise engaging in activity protected by the FLSA.

6. Defendant Paul Yu and Defendant Acme, as well as its officers and directors, are further permanently enjoined and restrained from applying for any visa to employ any individual from outside of the United States, including, but not limited to the H-1B, H-2A, H-2B, H-2A visas. *See* 8 C.F.R § 214.2(h).

7. **IT IS FURTHER ORDERED** that Defendants shall not withhold payment of **$195,090.00,** which constitutes the unpaid minimum wage and overtime premium compensation found due since May 16, 2009, to those former employees of Defendants named in **Exhibit A to the Second Amended Complaint**, attached hereto and made a part hereof, plus an additional equal amount of **$195,090.00** as statutorily authorized liquidated damages, for a total of **$390,180.00**.

8. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other

manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

9. Defendants shall not withhold from the amount paid the employees' share of any taxes or benefits. The Secretary shall allocate the gross amount paid by the Defendants to wages, liquidated damages, and civil monetary penalties, and deduct the employees' share of any federal taxes and benefits in compliance with all laws and regulations.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants Acme and Paul Yu in the total amount of back wages, plus an additional equal amount as liquidated damages, for a total of $390,180.00.

10. Defendants shall pay to the Secretary the total amount of the back wages of $195,090.00 referenced in paragraph 7 above, which represents the unpaid gross minimum wage and overtime premium compensation hereby found to be due since May 16, 2009, to the former employees of Defendants named in Exhibit A to the Second Complaint to be allocated by the Secretary.

11. Pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, Defendants shall further pay to the Secretary the additional equal sum of the liquidated damages of $195,090.00, hereby found to be due since May 16, 2009, to the former employees named in Exhibit A to the Second Amended Complaint, and $12,320.00 in civil money penalties for the violations of the FLSA described herein.

12. The monetary provisions of this Consent Judgment shall be deemed satisfied where Defendants comply with the following payment provisions:

   a. Within thirty (30) calendar days of the entry of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: District Director Patrick Candoleta, 520 West Soledad Avenue, Hagatna, Guam 96910, a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) the names, last known home addresses, Social Security numbers, home telephone numbers, and mobile telephone numbers for each employee named in Exhibit A to the Second Amended Complaint.

   b. Within thirty (30) calendar days of entry of this Consent Judgment, Defendants shall initiate repayment of the liquidated damages of $195,090.00 by delivering a cashier's check or money order in the amount of $100,000.00. Defendants shall pay the remaining liquidated damages of $95,090.00 in five monthly payments of $16,805.56 on the first of every month, and a final liquidated damage payment of $11,062.20 due on the first of the month after the six preceding payments of $16,805.56, in accordance with the schedule of payments outlined in the attached Exhibit 1.

   c. Defendants shall initiate repayment of the civil money penalties of $12,320.00 with the first payment of $5,743.36 due on delivered on the same date as the final liquidated damage payment of $11,062.20 described in paragraph III.11.b, in accordance with the schedule of payments outlined in the attached Exhibit 1. Defendants shall pay the remaining civil money penalties of $6,576.64, on the first of the following month.

*(Proposed) Consent Judgment and Order*     13

Case 1:12-cv-00008 Document 139 Filed 03/26/15 Page 13 of 18

    d. Defendants shall initiate repayment of the back wages of $195,090.00 with the first payment of $10,228.92 delivered on the same date as the final civil money penalty payment of $6,576.64 described in paragraph III.11.c, in accordance with the schedule of payments outlined in the attached Exhibit 1. Defendants shall pay the remaining back wages of $184,861.08 in eleven monthly payments of $16,805.56, in accordance with the schedule of payments outlined in the attached Exhibit 1.

    e. Each payment shall be made by certified, or cashier's check or money order made payable to Wage & Hour Div., Labor and delivered to District Director Patrick Candoleta, 520 West Soledad Avenue, Hagatna, Guam 96910 on or before the date due. Each remittance shall show the Firm name of "Acme Universal, Inc." and shall indicate whether the payment is made for back wages, civil money penalties, or liquidated damages as shown on Exhibit 1. As shown on Exhibit 1, the payments will be made in multiple checks.

13. In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

14. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security, Medicare and federal income taxes to the persons named on Exhibit A to the Second Amended Complaint, or to their estates if

that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of Social Security, Medicare, and federal income taxes from the amounts paid to the persons named in Exhibit A to the Second Amended Complaint, and for remitting said deductions to the appropriate federal agencies. The Secretary will provide the Defendants quarterly reports on the amounts remitted and deducted to the persons named in Exhibit A to the Second Amended Complaint.

15. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this _____ day of _____, 2015

_____
U.S. DISTRICT JUDGE

/ / /

/ / /

/ / /

*(Proposed) Consent Judgment and Order*      15

Case 1:12-cv-00008   Document 139   Filed 03/26/15   Page 15 of 18

The parties stipulate to entry of this Consent Judgment upon entry of the terms stated herein:

Dated: March 24, 2015

O'Connor Berman Dotts & Banes

*[signature]*

MICHAEL DOTTS
Attorney for Defendants
Acme Universal, Inc. and Xin Bo "Paul" Yu

Dated: 3/24/15

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

LEON E. PASKER
Senior Trial Attorney

*[signature]*

JOSEPH M. LAKE
Senior Trial Attorney

TARA E. STEARNS
Attorney
Attorneys for U.S. Department of Labor

# EXHIBIT 1

## Installment Plan

| Payment | Due | Amount Due | Payment Allocation |
|---|---|---|---|
| 1 | 30 days after entry of Consent Judgment | $100,000.00 | LDs*** |
| 2 | First of the month following Payment 1 | $16,805.56 | LDs |
| 3 | First of the month following Payment 2 | $16,805.56 | LDs |
| 4 | First of the month following Payment 3 | $16,805.56 | LDs |
| 5 | First of the month following Payment 4 | $16,805.56 | LDs |
| 6 | First of the month following Payment 5 | $16,805.56 | LDs |
| 7 | First of the month following Payment 7 | $11,062.20 | LDs |
| 8 | Same date as Payment 7 | $5,743.26 | CMPs |
| 9 | First of the month following Payments 7 and 8 | $6,576.64 | CMPs |
| 10 | Same date as Payment 9 | $10,228.92 | BWs |
| 11 | First of the month following Payments 9 and 10 | $16,805.56 | BWs |
| 12 | First of the month following Payment 11 | $16,805.56 | BWs |
| 13 | First of the month following Payment 12 | $16,805.56 | BWs |

*(Proposed) Consent Judgment and Order*      17

| 14 | First of the month following Payment 13 | $16,805.56 | BWs |
| 15 | First of the month following Payment 14 | $16,805.56 | BWs |
| 16 | First of the month following Payment 15 | $16,805.56 | BWs |
| 17 | First of the month following Payment 16 | $16,805.56 | BWs |
| 18 | First of the month following Payment 17 | $16,805.56 | BWs |
| 19 | First of the month following Payment 18 | $16,805.56 | BWs |
| 20 | First of the month following Payment 19 | $16,805.56 | BWs |
| 21 | First of the month following Payment 20 | $16,805.56 | BWs |

LDs – refers to Liquidated Damages. All payments allocated to Liquidated Damages should indicate the term "LDs" on the face of the check.

CMPs – refers to Civil Money Penalties. All payments allocated to Civil Money Penalties should indicate the term "CMPs" on the face of the check.

BWs – refers to Back Wages. All payments allocated to Back Wages should indicate the term "BWs" on the face of the check.